2021 IL App (2d) 190776-U
No. 2-19-0776
Order filed January 11, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(c)(2) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| SPRINGBROOK PARTNERS, LLC, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-L-757 |
| | ) | |
| KONEWKO & ASSOCIATES, Ltd., an, | ) | |
| Illinois Law Firm, and Michael R. Konewko, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Konewko & Associates, Ltd., and Michael R. | ) | |
| Konewko, Third-Party Plaintiffs-Appellees; | ) | |
| Hunt, Kaiser, Aranda & Subach, Ltd., n/k/a | ) | Honorable |
| Hunt, Aranda & Subach Ltd., and Marshall J. | ) | Robert G. Kleeman, |
| Subach, Third-Party Defendants-Appellants). | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice Bridges and Justice Zenoff concurred in the judgment.

**ORDER**

*Held*: The trial court abused its discretion in finding that settlement agreement satisfied the good faith requirement of the Joint Tortfeasor Contribution Act because the agreement failed to give non-settling tortfeasor any right to set-off against damages plaintiff recovered from settling tortfeasor.

¶ 1     The plaintiff, Springbrook Partners (Springbrook), filed a legal malpractice action against

the defendants, Konewko & Associates and Michael Konewko (collectively Konewko). Konewko

filed a claim for contribution against the third-party defendants, Hunt, Kaiser, Aranda & Subach and Marshall Subach (collectively Subach). Springbrook and Konewko subsequently entered into a settlement agreement. Subach objected to that agreement, arguing that it was not made in good faith because it violated the provisions of the Illinois Joint Tortfeasor Contribution Act (the Contribution Act) (740 ILCS 100/1 *et seq*. (West 2018)) and subjected Subach to potentially greater liability. After the circuit court of Du Page County found that the settlement agreement was made in good faith, Subach filed a notice of appeal. For the reasons that follow, we reverse and remand for additional proceedings.

¶ 2                                    I.  BACKGROUND

¶ 3      On August 10, 2015, Springbrook filed a legal malpractice action against Konewko arising out of their representation of Springbrook relative to an Economic Incentive Agreement (EIA) with West Chicago. The EIA provided funds to Springbrook in connection with its development of a vacant parcel of real estate. A dispute arose between Springbrook and West Chicago resulting in West Chicago cashing a letter of credit which was posted pursuant to the EIA. Springbrook hired Konewko to represent Springbrook in the dispute. In its malpractice action, Springbrook alleged Konewko breached the standard of care by (1) failing to file suit against West Chicago within one year of West Chicago's cashing of the letter of credit based upon Springbrook's alleged breach of the EIA; and (2) failing to disclose a conflict of interest based on Konewko's concurrent representation of West Chicago's mayor. Springbrook sought damages of $1.6 million, plus disgorgement of attorney fees paid to Konewko.

¶ 4      On February 17, 2017, Konewko filed a third-party complaint against Subach seeking contribution. In the third-party complaint, Konewko alleged that Subach also represented Springbrook in its dealings with West Chicago concerning the EIA, and that Subach also breached

certain duties with respect to their representation of Springbrook. Konewko sought contribution from Subach based on the relative culpabilities between Subach and Konewko.

¶ 5 On June 25, 2019, Springbrook and Konewko reached a settlement agreement, and Konewko filed a motion for a good faith finding. According to the terms of the settlement, Springbrook had "sustained actual provable damages in the amount of at least $1.6 million." The settlement agreement provided that Konewko would (1) agree to pay the remaining insurance coverage available under its legal malpractice insurance policy and (2) would assign its third-party contribution claim against Subach to Springbrook. In exchange, Springbrook would release Konewko from all liability and would only seek further recovery against Subach. The settlement agreement did not indicate that Subach's liability would be limited in anyway or that Subach would be entitled to any set off against the amount that Konewko would pay to Springbrook.

¶ 6 On August 5, 2019, Subach filed its objections to Konewko's motion for a good faith finding. Subach argued that the settlement agreement was not entered in good faith because it violated the provisions and principles supporting the Contribution Act (740 ILCS 100/1 *et seq.* (West 2018)). Specifically, Subach argued that the settlement/assignment was improper because (1) it allowed Springbrook to seek its total alleged liability of $1.6 million from Subach, which was far greater than any *pro rata* share that could be found against Subach; (2) the agreement violated the Contribution Act because it indicated that Springbrook could seek contribution from Subach even though Subach's direct liability to Springbrook had not been extinguished; and (3) Konewko did not pay more than its *pro rata* share of liability.

¶ 7 On August 15, 2019, the trial court entered a finding that the settlement agreement between Springbrook and Konewko was made in good faith pursuant to the Contribution Act and dismissed Konewko from the case with prejudice. The trial court found that the agreement may also

extinguish Subach's liability to Springbrook, but that was not grounds to find that the agreement between Konewko and Springbrook was not made in good faith.

¶ 8    On August 30, 2019, pursuant to Konewko's request, the trial court entered an order pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its order.  On September 9, 2019, Subach filed a timely notice of appeal.

¶ 9                                    II.  ANALYSIS

¶ 10    Prior to addressing the merits of Subach's appeal, we first consider Konewko's argument that we should dismiss Subach's appeal because the trial court erred in making a Rule 304(a) finding.  Normally, we would find Konewko's argument waived because it was the one who requested that the trial court make a Rule 304(a) finding. See *Gaffney v. Board of Trustees of Orland Fire Protection District*, 2012 IL 110012, ¶ 33 (the rule of invited error prohibits a party from requesting to proceed in one manner and then contending on appeal that the requested action was error).  However, since this court has an independent duty to consider its jurisdiction (*J & J Ventures Gaming, LLC v. Wild, Inc.*, 2015 IL App (5th) 140092, ¶ 33), we will consider Konewko's argument.

¶ 11    Illinois Supreme Court Rule 304(a) provides, in pertinent part:

"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal."  Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

¶ 12    Here, as the trial court dismissed Konewko from Springbrook's action with prejudice, the trial court's order constituted a final order as to Konewko.  See *Fabian v. BGC Holdings, LP*, 2014

IL App (1st) 141576. The trial court also found, pursuant to Rule 304(a), that there was no just reason to delay enforcement or appeal of its order. The fact that the order was final as to Konewko and that the trial court made the requisite Rule 304(a) findings was sufficient to confer jurisdiction on this court. See *Lakeshore Centre Holdings, LLC v. LHC Loan, LLC*, 2019 IL App (1st) 180576, ¶ 12. Although Konewko insists that Subach should have also requested a stay in order to confer jurisdiction on this court, Rule 304(a) imposed no such obligation on Subach.

¶ 13    Turning to the merits of the appeal, Subach argues that the trial court abused its discretion in finding that Springbrook and Konewko's settlement agreement was made in good faith under section 2 of the Contribution Act (740 ILCS 100/2 (West 2018)). Section 2 of the Contribution Act provides:

> "Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> (b) The right of contribution exists only in favor of a tortfeasor who has paid more than his *pro rata* share of the common liability, and his total recovery is limited to the amount paid by him in excess of his *pro rata* share. No tortfeasor is liable to make contribution beyond his own *pro rata* share of the common liability.
>
> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against

the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.

(d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.

(e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement.

(f) Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. This provision does not affect any right of contribution nor any right of subrogation arising from any other relationship." 740 ILCS 100/2 (West 2018).

¶ 14 Subach argues that the settlement agreement was not made in good faith because it violated sections 2(b), (c), and (e) of the Contribution Act. As we find Subach's assertion that the agreement violated section 2(c) of the Contribution Act by failing to give it any ability to assert a right to set-off is dispositive of this appeal, we address only that issue.

¶ 15 Our supreme court has recognized that "the Contribution Act seeks to promote two important public policies—the encouragement of settlements and the equitable apportionment of damages among tortfeasors." *Johnson v. United Airlines*, 203 Ill. 2d 121, 135 (2003) (citing *Dubina v. Mesirow Realty Development, Inc.*, 197 Ill. 2d 185, 193-94, (2001), and *In re Guardianship of Babb*, 162 Ill. 2d 153, 171 (1994)). Specifically, the Contribution Act "promotes settlement by providing that a defendant who enters a good-faith settlement with the plaintiff is discharged from any contribution liability to a nonsettling defendant." *BHI Corp. v. Litgen*

*Concrete Cutting & Coring Co.*, 214 Ill. 2d 356, 365 (2005) (citing *Babb*, 162 Ill. 2d at 171). The Contribution Act also ensures equitable apportionment of damages among tortfeasors by creating a right of contribution among defendants and "'by providing that the amount that the plaintiff recovers on a claim against any other nonsettling tortfeasors will be reduced or set off by the amount stated in the settlement agreement.'" *BHI Corp*., 214 Ill. 2d at 365, (quoting *Babb*, 162 Ill. 2d at 171, citing 740 ILCS 100/2(b), (c) (West 1992)).

¶ 16    "[W]hether a settlement satisfies the good-faith requirement as contemplated by the Contribution Act is a matter left to the discretion of the trial court based upon the court's consideration of the totality of the circumstances." *Johnson*, 203 Ill. 2d at 135. We review a determination of good faith for an abuse of discretion. *Dubina*, 197 Ill. 2d at 191-92. The burden of proving the absence of good faith is on the party challenging the settlement. *Johnson*, 203 Ill. 2d at 133. There is no "single precise formula for determining what constitutes 'good faith' within the meaning of the Contribution Act that would be applicable in every case." *Id.* at 134. If it is shown, however, that the settlement parties engaged in wrongful conduct, collusion, or fraud, a settlement will not be found to be made in good faith. *Id.* Moreover, a settlement agreement will not satisfy the requirement of good faith when it conflicts with the terms of the Contribution Act or is inconsistent with the important public policies sought to be promoted by the Contribution Act. *Id.*

¶ 17    Here, the settlement agreement provided that Springbrook would still be able to seek the "full amount of its [d]amages" from Subach and would "only attempt to recover and collect the [d]amages" from Subach. The agreement did not state that the amount that Springbrook could recover from Subach would be reduced or set off by the amount that Springbrook had recovered from Konewko. The failure of the agreement to provide that Subach would have a right to set-off

violated section 2(c) of the Contribution Act.  See 740 ILCS 100/2(c) (West 2018); *Dubina*, 197 Ill. 2d at 195 (settlement agreement violated the terms of the Contribution Act because it deprived the non-settling party of its statutory right to a setoff).     Because the agreement did not comply with the Contribution Act and violated the public policy of providing for the equitable apportionment of damages among tortfeasors, the trial court abused its discretion in determining that the agreement had been made in good faith.  We therefore reverse the trial court's order of August 15, 2019.

¶ 18     In so ruling, we reject Konewko's argument that this appeal is moot because the trial court has recently accepted an amended and reformed settlement agreement.  In support of its mootness argument, Konewko improperly cites to matters appearing outside of the record on appeal.  See *Allstate Insurance Co. v. Kovar*, 363 Ill. App. 3d 493, 499 (2006) (a party may generally not rely on matters outside the record to support its position on appeal).  Further, even assuming the validity of the reformed settlement agreement that Konewko cites to in the appendix of its appellee brief, we note that it only addresses the original agreement's failure to comply with section 2(e) of the Act and release the non-settling party—Subach.  The reformed agreement does not address the section 2(c) violation described above.

¶ 19     We also reject Konewko's argument that this appeal is not ripe because the trial court has not yet considered common liability.  Konewko points out that a setoff is typically a post-judgment remedy, and the trial court can address a set-off at the close of trial.  Although Konewko's assertions that common liability and corresponding possibility of set-off has not yet been established is true, it does not change the fact that Springbrook and Konewko's settlement agreement violated the Contribution Act as well as one of the public policies underlying the Contribution Act.  See *Dubina*, 197 Ill. 2d at 195.

¶ 20                                III.  CONCLUSION

¶ 21    For the reasons stated, we reverse the circuit court's finding that the settlement agreement was made in good faith.  We also remand because our reversal of the circuit court's good-faith finding requires the instant case to return to the same status prior to the court's grant of Konewko's motion for a good-faith finding.  See *Associated Aviation Underwriters, Inc. v. Aon Corp.*, 344 Ill. App. 3d 163, 178 (2003). This means that if Konewko still wants to assign its contribution claim against Subach to Springbrook, then Konewko will have to show that its revised settlement agreement with Springbrook was made in good faith and complies with the Contribution Act.  See *Johnson*, 203 Ill. 2d at 134.

¶ 22    Reversed and remanded with directions.